UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY V. COLEMAN, | No. 2:19-cv-00369 AC |
| Plaintiff, | |
| v. | ORDER |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I. Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 2. Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint sets forth two claims, one based on the alleged use of excessive by a correctional officer at High Desert State Prison, and one challenging the warden's response to the incident. ECF No. 1. Plaintiff alleges as follows. On May 16, 2017 he was awaiting escort from a holding cell to ad-seg, and asked for something to cover his head so that the rain would not get his hearing aids wet. F. Hartwick was the escort officer. Plaintiff made his request both to Hartwick and to Sgt. Meraz, Hartwick's supervisor. Plaintiff was "slammed to the ground" by Hartwick, injuring his left knee, the right side of his chin, his ring finger, and right shoulder. Plaintiff believes that Hartwick was racially motivated. ECF No. 1 at 5. Meraz failed to prevent the assault. See id. at 4 ("Because Sergeant E. Maraz, failed to act, his non-action lead to his subordinate using unnecessary force/excessive force.").

The warden, M.E. Spearman, was made aware of the battery when plaintiff wrote him a letter about the disciplinary charge that plaintiff received as a result of the incident, for resisting an officer. The warden failed to follow policy and procedure for staff misconduct complaints, and he conspired to cover up the assault that plaintiff had experienced.

IV.   Claims for Which a Response Will Be Required

Petitioner has adequately alleged the excessive use of force by Officer Hartwick, in violation of plaintiff's Eighth Amendment rights. This defendant will be required to respond to

the complaint.

V.     <u>Failure to State a Claim</u>

The allegations of the complaint fail to state a claim for relief against Sgt. Meraz. A supervisor is not vicariously liable under § 1983 for the acts of his subordinates. <u>Iqbal</u>, 556 U.S. at 676. Eighth Amendment liability requires that each defendant personally participated in the use of force or otherwise caused it, including by non-action in some circumstances. <u>See</u> <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Here, the court cannot tell from the complaint whether Meraz actually witnessed the alleged use of force and failed to intervene, or knew that Hartwick was going to assault plaintiff and failed to prevent it. There are no facts from which the court can infer that Meraz "participated in or directed the violations, or knew of the violations and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Meraz's statement that he would let Hardwick handle the request for a towel or other head protection, ECF No. 1 at 4, is insufficient to support liability for the assault.

The complaint does not state a claim for relief against Warden Spearman. A prison official's failure to follow institutional or departmental policies, or even state law, does not state a constitutional claim. <u>See</u> <u>Cousins v. Lockyer</u>, 568 F.3d 1063, 1070 (9th Cir. 2009); <u>Langford v. Day</u>, 110 F.3d 1380, 1389 (9th Cir. 1996). Moreover, an administrator's after-the-fact response to a completed violation does not support liability, because it cannot be said to have caused the violation. <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 609-10 (7th Cir. 2007). The complaint is devoid of facts demonstrating the existence of a conspiracy, and conclusory allegations are insufficient. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556-57 (2007).

VI.     <u>Leave to Amend</u>

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Meraz or Spearman. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendant Hartwick his Eighth Amendment excessive force claim, or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his claims against defendant Hartwick without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Meraz and Spearman.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.     Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated a claim for excessive force against Officer Hartwick and may proceed against him right. However, the facts in the complaint do not state claims for relief against Sgt. Meraz or Warden Spearman. They will not be served.

You have a choice to make. You may either (1) proceed immediately on your excessive force claim against defendant Hartwick and drop your other claims, or (2) try to amend the complaint to fix the claims against the other defendants. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against Sgt. Meraz and Warden Spearman. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The court has screened the complaint and finds that plaintiff's allegations against defendants E. Meraz and M.E. Spearman do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force against defendant F. Hartwick, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or

whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the claims against defendants E. Meraz and M.E. Spearman.

DATED: April 14, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY V. COLEMAN, | No. 2:19-cv-00369 AC |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE ON HOW TO PROCEED |
| M.E. SPEARMAN, et al., | |
| Defendants. | |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force against defendant F. Hartwick without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his claims against defendants E. Meraz and M.E. Spearman.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

RODNEY V. COLEMAN
Plaintiff pro se

1