UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY V. COLEMAN,<br><br>  Plaintiff,<br><br>  v.<br><br>M.E. SPEARMAN, et al.,<br><br>  Defendants. | No.  2:19-cv-0369 AC P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.  ECF No. 30.  In support of his request, plaintiff states in part that he is incarcerated; that he has health issues that make it difficult for him to respond to the court's orders at times; that his case may require complex investigation; and that he has limited access to the prison law library.  Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

The court notes that plaintiff has adequately managed this matter to date.  The complaint presents one viable claim against one defendant.  Additionally, plaintiff fails to state with any specificity what investigation is necessary and why it will be complicated.  Finally, to the extent plaintiff currently has limited access to the prison law library, this is a relatively common occurrence that does not warrant the appointment of counsel.  Plaintiff may seek the extension of any deadlines that he has difficulty meeting.  For these reasons, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 30) is DENIED.

DATED: April 18, 2022

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE